UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES B. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CV-339-TLS |
| | ) | |
| DAVID BENNETT, in his individual | ) | |
| capacity as an officer of the Marion Police | ) | |
| Department, and CHIEF DAVID GILBERT, | ) | |
| in his individual capacity as Chief of the | ) | |
| Marion Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Judgment on the Pleadings [ECF No. 15] filed by the Defendants on April 29, 2013. For the reasons discussed below, the Court will grant the Motion.

## BACKGROUND

On August 17, 2012, Defendant Officer David Bennett of the Marion Police Department was dispatched to the scene of a disturbance. He encountered Heather West, the ex-girlfriend of the *pro se* Plaintiff, James B. Ellis. West informed Defendant Bennett that the Plaintiff had choked her and hit her several times. Defendant Bennett found the Plaintiff sitting in the driver's seat of a car, with blood running down his face, and with a cut and a small knot over his left eye. Defendant Bennett then interviewed West, who stated that she was the mother of the Plaintiff's daughter, but was seeing someone else. She stated that the Plaintiff came over to "start trouble"

(Police Report, ECF No. 1 at 6), apparently because of her new boyfriend. She told Defendant Bennett that she exited her apartment and attempted to talk to the Plaintiff but he choked her by cutting off her air to the point that she began to black out. She also stated that he punched her about the head and face, and kicked in the door to the apartment and entered it. When he entered, West's boyfriend fled the scene and the Plaintiff continued fighting with West. West stated that the Plaintiff shoved her into one of the windows, causing it to shatter; she also stated that she shoved the Plaintiff into a wall "to get him away from her causing him to hit a wall and break his glasses." (*Id.*, ECF No. 1 at 7.)

Defendant Bennett also interviewed Dawn Bounds, West's mother. She stated that she observed the altercation between the Plaintiff and her daughter, and that she saw the Plaintiff choke and hit West outside the apartment. According to Defendant Bennett's report, West refused to give a taped statement because the Plaintiff is the father of her child. Defendant Bennett took photographs of the broken window, damage to the door, and blood spots inside the apartment. Defendant Bennett then arrested the Plaintiff for battery, strangulation, and residential entry. Defendant Chief David Gilbert was not involved in the August 17 incident.

On September 26, 2012, the Plaintiff filed a Complaint [ECF No. 1] against Defendants Bennett and Gilbert. The Plaintiff did not state whether he wished to pursue claims against the Defendants in their individual or their official capacities. Pursuant to 42 U.S.C. § 1983, the Plaintiff raised claims for false arrest, alleging violation of his "4, 5, 6 and 14th amendment rights in connection with his arrest on 8-17-12." (Compl. 2, ECF No. 1.) The Plaintiff attached to his Complaint the Marion Police Department Case Report from the August 17, 2012, incident.

The Plaintiff also attached a probable cause affidavit and a three-count Information filed in the Grant Superior Court 2 on August 17, 2012, charging the Plaintiff with: Residential Entry, in violation of Indiana Code § 35-43-2-1.5, a Class D Felony; Strangulation, in violation of Indiana Code § 35-42-2-9(b), a Class D Felony; and Battery, in violation of Indiana Code § 35-42-2-1(a), a Class B Misdemeanor.

The Court granted the Plaintiff's request to proceed *in forma pauperis*, and the United States Marshals served process on the Defendants. On March 11, 2013, the Defendants filed an Answer [ECF No. 9]. The record indicates that the Plaintiff participated in a telephonic Rule 26(f) planning meeting with counsel for the Defendants on April 3, 2013. (Report of Planning Meeting, ECF No. 13.) The record also indicates that the Plaintiff was unable to participate in the telephonic Rule 16 preliminary pretrial conference on April 9. (*See* ECF No. 14.)

On April 29, the Defendants filed their Motion for Judgment on the Pleadings [ECF No. 15] along with a Memorandum in Support [ECF No. 16]. The Defendants also filed a Notice of Motion for Judgment on the Pleadings [ECF No. 17] on April 29. The Plaintiff did not file a response, and the time in which to respond to the Defendants' Motion has expired.

In their Motion, the Defendants urge the Court to dismiss the Plaintiff's claims under Rule 12(c) because they fail to state claims upon which relief can be granted. The Defendants argue that many of the alleged violations of which the Plaintiff complains are not violations of the law. They further argue that Defendant Bennett had probable cause to arrest the Plaintiff for violation of three different Indiana statutes, and that the Plaintiff has produced no evidence suggesting that Defendant Gilbert was in any way involved in the events leading to the

Plaintiff's arrest. Finally, they argue that even if the Plaintiff had plausibly suggested the possibility of recovery, they would be entitled to qualified immunity on the Plaintiff's claims.

The Motion for Judgment on the Pleadings is unopposed, and ripe for this Court's ruling.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Seventh Circuit has stated that courts "review Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

> be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

The Plaintiff brought this civil action against the Defendants pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983. Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their official capacities. *See Estate of Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007).

As an initial matter, the Court notes that the Plaintiff has not stated an official capacity claim against either Defendant. Nor has he identified an unconstitutional policy by a municipality. Accordingly, the Court will analyze the Plaintiff's claims as individual capacity claims against the Defendants. *See id.* ("Unless there is an unconstitutional policy, there cannot be official-capacity liability; only individual-capacity liability is possible.").

The Defendants seek dismissal of all claims against them. The Court will address the Plaintiff's claims relating to false arrest, his claim against Defendant Gilbert, and the Defendants' claim of qualified immunity.

**A.     The Plaintiff's False Arrest Claims**

The Plaintiff maintains that Defendant Bennett illegally arrested him without probable cause, which constituted an unreasonable seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. The Plaintiff argues that probable cause did not exist to arrest him

because: 1) Defendant Bennett did not list the address where the incident took place in his report; 2) the parties were engaged in mutual combat; 3) both the victim and her mother refused to give taped statements; and 4) Defendant Bennett did not take photographs of the victim's injuries or the damage to her apartment. In their Motion, the Defendants argue that an action for false arrest fails where probable cause exists, and that Defendant Bennett had probable cause to arrest the Plaintiff for residential entry, strangulation, and battery.

"The existence of probable cause to arrest a suspect for any offense . . . will defeat a Fourth Amendment false-arrest claim." *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011); *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991). Law enforcement officers have probable cause to arrest a suspect when "'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006) (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)). Probable cause does not require "[']evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime.'" *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) (quoting *United States v. Carillo*, 269 F.3d 761, 766 (7th Cir. 2001)). "'[A]s long as a reasonably credible witness or victim informs the police that someone has committed a crime, . . . the officers have probable cause.'" *Matthews v. City of E. St. Louis*, 675 F.3d 703, 706–07 (7th Cir. 2012) (quoting *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) (additional citation omitted)).

In considering "a motion attacking the sufficiency of the complaint," a court may

consider, "in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, [and] documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing, *inter alia*, *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Accordingly, the Court will consider the police report and related exhibits attached to the Complaint and referenced in the Complaint by the Plaintiff.

Indiana's residential entry statute states that a person who "knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Class D felony." Ind. Code § 35-43-2-1.5. Indiana's strangulation statute states that a person who "in a rude, angry, or insolent manner, knowingly or intentionally . . . applies pressure to the throat or neck of another person; or . . . obstructs the nose or mouth of . . . another person . . . in a manner that impedes the normal breathing or the blood circulation of the other person commits strangulation, a Class D felony." *Id.* § 35-42-2-9. Indiana's battery statute states that any person who "knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." *Id.* § 35-42-2-1.

The Court agrees with the Defendants that Defendant Bennett had probable cause to arrest the Plaintiff, and accordingly, the Plaintiff's false arrest claim fails. First, Defendant Bennett had probable cause to arrest the Plaintiff for residential entry because the victim told him that the Plaintiff kicked in the door and entered her apartment without permission, and

8

because Defendant Bennett observed damage to the door. *See Matthews*, 675 F.3d at 706–07. Second, Defendant Bennett had probable cause to arrest the Plaintiff for strangulation because both the victim and her mother told him that the Plaintiff choked the victim during an altercation, and because the victim testified that the choking cut off her air and she began to black out. Third, Defendant Bennett had probable cause to arrest the Plaintiff for battery because both the victim and her mother told him that the Plaintiff had hit the victim as part of a physical altercation. The existence of probable cause defeats the Plaintiff's false arrest claim. *See Sroga*, 649 F.3d at 608.

The Court finds that the Plaintiff's additional allegations concerning his false arrest claims are irrelevant and/or contradicted by the exhibits he attached to the Complaint. He alleges that Defendant Bennett failed to report the address where the incident took place. But he has pointed the Court to no authority suggesting that failure to list a complete address[1] on a police report is a violation of federal law. Similarly, he alleges that Defendant Bennett did not have probable cause to arrest him because he and West were involved in mutual combat, and because West and Bounds refused to give taped statements.[2] But he cites no authority suggesting that federal law requires witnesses to give taped statements, nor would the absence of a taped statement defeat probable cause where the witnesses willingly talked to the police officer. And

---

[1] It appears from the Court's examination of the Police Report that Defendant Bennett did list the street number along with the street name in his original report, but omitted the street number while leaving the street name in the copy of the report submitted by the Plaintiff. (*See* Marion Police Department Case Report, ECF No. 1 at 6.)

[2] The Police Report indicates only that West refused to give a taped statement against the father of her child. But because the Plaintiff's allegation that Bounds also refused to give a taped statement is not contradicted by the Police Report, the Court will consider it for purposes of deciding the Motion to Dismiss.

the Plaintiff's allegation that he was involved in mutual combat with West appears to substantiate Defendant Bennett's decision to arrest him for battery. Finally, the Plaintiff alleges that Defendant Bennett failed to take photographs of West's injuries or damage to the apartment. This allegation is clearly contradicted by the Police Report, however, and the exhibit therefore controls. *See Bogie*, 705 F.3d at 609. Moreover, even if it were true that Defendant Bennett failed to take photographs, the Plaintiff cites no authority suggesting that a lack of such evidence would defeat probable cause.

Because Defendant Bennett had probable cause to arrest the Plaintiff for three offenses, the Court will deny the Plaintiff's claims for false arrest against Defendant Bennett and Defendant Gilbert.

**B.    The Plaintiff's Claim Against Defendant Gilbert**

The Plaintiff states his claim against Defendant Gilbert as follows:

Plaintiff allege[s] that the defendant Chief David Gilbert of the Marion Police Department is responsible for the department and Police Officers actions, where Chief Gilbert is the superior over the department and his officers acting under color of State law.

(Compl. 2.)

Section 1983 "does not allow actions against individuals merely for their supervisory role of others." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Instead, "[f]or liability, a supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'" *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

The Defendants argue that dismissal of the claim against Defendant Gilbert is appropriate because the Plaintiff has failed to allege that Defendant Gilbert knew of Defendant Bennett's conduct, facilitated it, approved it, condoned it, or turned a blind eye to it. The Court agrees. Because the Plaintiff's claim against Defendant Gilbert appears to be based on nothing more than a theory of supervisory liability, the Plaintiff has failed to state a § 1983 claim against Defendant Gilbert upon which relief can be granted, and the Court will grant the Defendants' Motion to Dismiss on this additional basis as to Defendant Gilbert.

### C. The Qualified Immunity Defense

The Defendants additionally argue that the doctrine of qualified immunity protects them from liability because they did not violate the Plaintiff's clearly established rights.

"The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). When evaluating a claim of qualified immunity, courts consider (1) whether the plaintiff's allegations make out a deprivation of a constitutional right, and (2) whether the right was clearly established at the time of the defendant's alleged violation. *McAllister*, 615 F.3d at 881. Courts may address these two questions in the order they believe best suits "the circumstances of the particular case at hand." *Id.* Qualified immunity is a fact-intensive analysis. *See Ienco v. City of Chi.*, 286 F.3d 994, 1001 (7th Cir. 2002). In considering whether a constitutional violation occurred, courts examine the

facts in a light most favorable to the party asserting an injury. *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). Violation of a constitutional right may be clearly established either because "the violation is so obvious that a reasonable state actor would know that what they are doing violates the Constitution, or if a closely analogous case establishes that the conduct is unconstitutional." *Siebert v. Severino*, 256 F.3d 648, 654–55 (7th Cir. 2001).

The Court finds that, based on the facts alleged in the Complaint and its attachments, the Defendants are entitled to qualified immunity. The Court has already analyzed the Plaintiff's false arrest claim and determined that he has failed to make out the deprivation of a constitutional right as to either Defendant. Furthermore, the Court finds that, according to the Plaintiff's allegations, the Defendants did not take any actions to deprive the Plaintiff of clearly established statutory or constitutional rights. The Plaintiff has failed to allege that a reasonable state actor would know that any actions taken by the Defendants in this matter were unconstitutional, and has failed to identify any closely analogous case that would have hinted at a constitutional violation. Therefore, even if the Plaintiff had alleged a violation of his rights, a finding of qualified immunity would be appropriate in favor of the Defendants.

Accordingly, the Court will grant the Defendants' request for qualified immunity on the Plaintiff's claims against them.

### D.    Opportunity to Amend

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts

routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). "District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to feepaying plaintiffs." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The Plaintiff's false arrest claim against the Defendants fails because—as evidenced by the exhibits submitted by the Plaintiff—Defendant Bennett had probable cause to arrest the Plaintiff for three different offenses. The Plaintiff's claim against Defendant Gilbert is additionally barred because the Plaintiff has failed to articulate any personal responsibility on the part of Defendant Gilbert for Defendant Bennett's actions. Finally, the doctrine of qualified immunity bars the Plaintiff's claims because he has failed to articulate the violation of any clearly established statutory or constitutional rights by the Defendants.

It appears that any amendment to the Plaintiff's claims would be futile. Accordingly, the Court will dismiss his claims with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion for Judgment on the Pleadings [ECF No. 15]. The Court DISMISSES WITH PREJUDICE the Complaint [ECF No. 1] and DIRECTS the Clerk to close this case.

SO ORDERED on September 18, 2013.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT